UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
SUNDRA FRANKS,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE RAY WITTICK, Shield No. 710, Individually and in his Official Capacity and NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-2, the true names being currently unknown, Individually and in their Official Capacities,

Defendants.
--------------------------------------------------------------------------------

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

15 CV 6178 (RR,)(JO)

Plaintiff, SUNDRA FRANKS, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

<u>PRELIMINARY STATEMENT</u>

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

<u>JURISDICTION</u>

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

<u>VENUE</u>

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

1

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, SUNDRA FRANKS, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, including Defendant Wittick, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while

2

acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about August 9, 2013, at approximately 4:30 p.m., plaintiff SUNDRA FRANKS, was lawfully present on the sidewalk in the vicinity of 205 Benziger Avenue, Richmond County in the State of New York.

14. At that time and place, the defendant undercover officer approached plaintiff and placed plaintiff under arrest, alleging that he had been involved in a drug transaction one year and four months prior on April 18, 2012.

15. At no time on or about April 18, 2012 did plaintiff commit any crime or violation of law.

16. At no time on or about August 9, 2013 did defendants possess probable cause to arrest plaintiff.

17. At no time on or about August 9, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

18. Nevertheless, plaintiff's arms were handcuffed behind his back and he was taken into custody.

19. Plaintiff was thereafter placed in a van with no seatbelt and was transferred to a nearby precinct.

20. The defendants drove the van to the precinct in reckless and dangerous manner intentionally designed to force plaintiff's body to come into contact with the interior of the vehicle.

21. As a result, plaintiff sustained injuries to his shoulder which required medical treatment.

22. Plaintiff was held for several hours at the precinct before he was transferred to Richmond County Central Booking where he was held for several additional hours before he was arraigned on charges and allegations fabricated by the defendants, specifically, Defendant

3

Wittick.

23. Plaintiff was then transferred to Riker's Island Correctional Facility where he was held for several days before he was released on bail.

24. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Richmond County District Attorney's Office.

25. Mr. Franks was arrested pursuant to a purported warrant issued by an indictment which was procured by false testimony and other statements from Detective Raymond Wittick.

26. Defendant Wittick provided false statements to the district attorney in order to secure the indictment, arrest, and conviction of Mr. Franks.

27. Defendant Wittick testified falsely at the grand jury in the criminal matter underlying this instant case.

28. Detective Wittick provided false testimony and statements that he observed Plaintiff Franks taking money and handing it to an unknown, unapprehended, black male on April 18, 2012.

29. However, plaintiff was not arrested until approximately one year and four months later.

30. Plaintiff was arrested based on the false allegations of Defendant Wittick, that plaintiff was part of a large scale drug conspiracy.

31. Defendant Wittick and other members of the NYPD were investigating this alleged drug conspiracy, and in the course of that investigation, listened to phone calls and conversations between the alleged conspirators.

32. Upon information and belief, of the 12 defendants who are named in the indictment for this alleged conspiracy, Mr. Franks was the only defendant whose name was not mentioned in any phone calls and whose phone number was not intercepted.

33. Nonetheless, Defendant Wittick arrested plaintiff for participation in this alleged conspiracy, though plaintiff had no involvement in it.

34. As a result of defendants' misconduct, bail was imposed upon the plaintiff in an amount which he could not post.

35. As a result of defendants' misconduct, plaintiff remained in custody for approximately eight days.

36. Plaintiff was eventually released on bail, but was subjected to pretrial confinement and restrictions associated with the grant of his bail, and was forced to make several appearance in court pursuant to Detective Wittick's false allegations.

37. All charges against plaintiff were dismissed in their entirety on February 7, 2014.

38. Defendant Detective Raymond Wittick has previously been sued ten times in the United States District Court for the Eastern District of New York for civil rights violations.

39. The defendant City of New York was and is aware of these allegations against Defendant Wittick

40. In one of those cases, <u>Shawn Patterson, et al. v. The City of New York, et al</u>., 10-CV-231 (KAM)(RER), Mr. Franks was a plaintiff suing Detective Wittick.  That case resolved, with Mr. Franks obtaining a settlement of $75,000 against Detective Wittick and the City of New York.

41. Since that case resolved, Detective Wittick has harassed and threatened Mr. Franks in retaliation for the lawsuit Mr. Franks brought against Wittick, even going so far as to tell Mr. Franks' family members that he has a "vendetta" against Mr. Franks.

42. As a result of the foregoing, plaintiff SUNDRA FRANKS sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and

deprivation of his constitutional rights.

43. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiff SUNDRA FRANKS repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

6

50. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SECOND CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION
### UNDER 42 U.S.C. § 1983

51. Plaintiff, SUNDRA FRANKS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. Defendants misrepresented and falsified evidence before the Richmond County District Attorney.

53. Defendants did not make a complete and full statement of facts to the District Attorney.

54. Defendants withheld exculpatory evidence from the District Attorney.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

56. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

57. Defendants acted with malice in initiating criminal proceedings against plaintiff.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

59. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

60. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

61. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were

dismissed.

62. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## DENIAL OF FAIR TRIAL,
## FABRICATION OF EVIDENCE,
## AND DENIAL OF DUE PROCESS
## UNDER 42 U.S.C. § 1983

63. Plaintiff SUNDRA FRANKS repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

64. Defendant Wittick fabricated evidence to bring about the felony indictment against plaintiff.

65. Defendant Wittick made false statements against plaintiff in order to secure his indictment and provided these statements to the district attorney's office.

66. As a result of the fabrication of evidence and denial of fair trial by defendant Wittick, plaintiff was subjected to pretrial confinement and restrictions associated with the grant of his bail, and was forced to make several appearance in court pursuant to Detective Wittick's false allegations before his charges were dismissed.

## FOURTH CLAIM FOR RELIEF FOR
## MALICIOUS USE AND ABUSE OF PROCESS
## UNDER 42 U.S.C. § 1983

67. Plaintiff SUNDRA FRANKS repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

68. Defendant Wittick fabricated evidence to bring about the felony indictment against plaintiff for the sole purpose of pursuing his own personal motives and personal vendetta against Mr. Franks.

69. Defendant Wittick made false statements against plaintiff in order to secure his indictment and provided these statements to the district attorney's office, in order to pursue his own unlawful motives.

70. As a result of the foregoing illegal and unconstitutional actions of defendant Wittick, plaintiff was subjected to malicious use and abuse of process.

71. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected prosecution without probable cause, and his constitutional rights were violated were violated.

**FIFTH CLAIM FOR RELIEF FOR
EXCESSIVE FORCE
UNDER 42 U.S.C. § 1983**

72. Plaintiff, SUNDRA FRANKS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

74. As a result of the foregoing, plaintiff, SUNDRA FRANKS, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY
## UNDER 42 U.S.C. § 1983

75. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

76. The NYPD Defendants arrested, searched, and incarcerated plaintiff SUNDRA FRANKS, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

79. Those customs, policies, patterns, and practices include, but are not limited to:

    i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

iv.   failing to properly train police officers in the requirements of the United States Constitution.

80. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

ii.   arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

iii.  falsifying evidence and testimony to support those arrests;

iii.  falsifying evidence and testimony to cover up police misconduct.

iv.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, SUNDRA FRANKS.

81. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was searched and placed under arrest unlawfully.

11

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

85. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

86. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       March 7, 2016

                                    Respectfully submitted,

                                    **LAW OFFICES OF MICHAEL S.
                                    LAMONSOFF, PLLC**
                                    *Counsel for the Plaintiff*


                                          /s/
                            By:     JESSICA MASSIMI (JM-2920)
                                    32 Old Slip, 8th Floor
                                    New York, New York 10005
                                    (212) 962-1020